RAY OWINGS v. STATE.

No. 24465. November 9, 1949.
Rehearing Denied January 11, 1950.

128

*A. M. Harrison,* Paris, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted for possessing intoxicating liquor for sale in a dry area and assessed a fine of $300 and thirty days in jail.

Three witnesses, all officers, testified in the case. They were on a highway near the city of Paris when they received a radio message directing them to look out for a described automobile which was transporting some whisky. They soon recognized the car described and, upon stopping it, found that appellant was the driver, accompanied by his wife. As the car approached they recognized it as being appellant's car, with which they were familiar. They also observed that it was equipped with fictitious license plates. By that term they explain that the license which was on his car at the time had been originally issued for it, but that appellant had subsequently made application for new license plates in which he stated under oath that the former plates (the identical ones then on the car) had been stolen or lost. He secured the new numbers and had, to the knowledge of the officers, used one set of numbers at one time and then would substitute the other set. As highway patrolmen, they testified that they stopped him on account of the fictitious plates on his car, knowing that they were fictitious, as well as because of the information radioed to them concerning the liquor he was carrying; that as they stopped appellant they could see in the car, without making a search, a quantity of whisky. This

liquor was seized and is the liquor he is alleged to possess for sale.

The record comes to us with four bills of exception. The first three complain of the testimony of these officers as to the whisky, on the ground that the car was illegally searched. We think the explanation made by the officers warranted them in seizing the whisky, under the many holdings of this court. The court qualified the bill with a resumé of such testimony.

The fourth bill complains of the introduction in evidence of the statement made by appellant when the officers asked him if the whisky belonged to him or to his wife. He said that it was his. Testifying on this subject, the officers each said that he had not been arrested at that time, but that he had only been detained. Qualifying the bill the court said it was admitted on the theory that it was immediately spoken, when appellant was stopped, and was therefore a res gestae statement. The appellant has filed no brief in the case and we are not advised as to his view of the court's qualification. He introduced no evidence and made no defense whatsoever and did not except to the qualification.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Attracted by the rate of speed the appellant was driving his automobile, as also by the license plates, two highway patrolmen, with whom an agent of the liquor control board was riding, stopped appellant and asked to see his operator's license. Appellant got out of the automobile and, as he did so, the officers saw in the car a case of twenty-four pints of whisky. A further search of the automobile revealed another case of whisky in the trunk of the car.

We remain convinced that the testimony relative to the finding of the whisky in appellant's automobile was not the result of an illegal search.

The officers were authorized to stop appellant for an infraction of the laws regulating operation of motor vehicles and to inspect his operator's license. The finding of the first case of

whisky was not the result of a search of the car, being open to view of the officers.

We remain convinced that reversible error is not reflected. Appellant's motion for rehearing is overruled.

Opinion approved by the court.